UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTY RUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTERDON MEDICAL CENTER, et al.,<br><br>    Defendants. | Civil Action No. 23-4199 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Defendants Hunterdon Medical Center and Kathy Scipione (collectively, "Defendants") to compel non-party Waterfront Rehabilitation & Healthcare Center ("Waterfront") to comply with a subpoena *duces tecum* served on July 10, 2024 (the "Subpoena") in connection with the above-captioned action. (*See* Doc. No. 33). Defendants served the Motion on Waterfront, which has not filed any response to the Motion. (Doc. No. 33-1). Plaintiff Christy Rucker ("Plaintiff") does not oppose the Motion but reserves her right to challenge the admissibility of any documents produced by Waterfront. (Doc. No. 34). The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth herein, and good cause shown, the Court **GRANTS** the Motion.

**I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of Plaintiff's allegations of disability discrimination and retaliation under the New Jersey Law Against Discrimination and the Family and Medical Leave Act by Defendants while Hunterdon Medical Center employed Plaintiff as a nurse. (*See* Doc. No. 1-1). The parties are currently engaged in fact discovery. In connection with discovery regarding the

1

alleged damages and any mitigation thereof, Plaintiff provided responses to interrogatories stating Waterfront employed her after her employment with Hunterdon Medical Center. (*See* Doc. No. 33-2, Ex. A). To obtain documentation relating to that employment, on July 10, 2024, Defendants served the Subpoena on Waterfront in Raritan, New Jersey. (Doc. No. 33-2, Ex. B). Through the Subpoena, Defendants sought Waterfront to produce by July 29, 2024 any and all employment records in Waterfront's possession relating to Plaintiff. (Doc. No. 33-2, Ex. B). Waterfront did not respond to the Subpoena, despite Defendants' efforts to follow up and ensure compliance. (*See* Doc. No. 33-2 at ¶¶ 5-10, Ex. C and D).

Defendants now move for the entry of an Order compelling Waterfront to comply with the Subpoena.

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, the Court may compel a non-party to produce documents or permit an inspection of records. *See* Fed. R. Civ. P. 34(c), 37(a), 45(d), and 45(e). The movant must show that the sought-after discovery is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted). The scope of discovery as defined by Rule 26 similarly applies to discovery sought via a Rule 45 subpoena on a non-party. *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citing *Chazanow v. Sussex Bank*, No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)). A district

court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted).

## III. DISCUSSION

Here, Defendants have sufficiently shown that the Subpoena seeks discovery relevant to this action and within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b); *in re Novo Nordisk*, 530 F. Supp. 3d at 501. In addition, the sought-after discovery is narrowly tailored such that the Subpoena does not pose an undue burden or expense on Waterfront. *See* Fed. R. Civ. P. 45(d)(1). Moreover, Waterfront has not asserted any timely objections to the Subpoena. A non-party responding to a subpoena must serve on the requestor any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The failure to serve timely objections to a subpoena may constitute a waiver of any such objections. *See McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426-27 (D.N.J. Apr. 27, 2004); *Hanif v. Atl. Northeast Transport, Inc.*, No. 16-1776, 2022 WL 20447741, at *2 (D.N.J. Jan. 19, 2022) ("Generally, subpoenas must be complied with, unless the person to whom the subpoena is directed serves a written objection 'before the earlier of the time specified for compliance or [fourteen] days after the subpoena is served.'" (quoting Fed. R. Civ. P. 45(d)(2)(B))). As such, the Court GRANTS Defendants' Motion to compel Waterfront's compliance with the Subpoena.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **18th** day of **November 2024**, hereby

**ORDERED** that Defendants' Motion to Compel is **GRANTED**; and it is further

**ORDERED** that Waterfront Rehabilitation & Healthcare Center shall produce to counsel for Defendants documents within its possession, custody, or control sought through the Subpoena served on July 10, 2024 by no later than **December 18, 2024**; and it is further

**ORDERED** that Defendants shall serve a copy of this Memorandum Opinion and Order on Waterfront within ten (10) days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 33.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

4